IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **JEANNE MARIE MILLER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:10-0059 |
| ) | |
| **MYRON BATTS, Warden,** ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On January 22, 2010, Petitioner, acting *pro se*, filed an Application under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody.[1] (Document No. 1.). In her Petition, Petitioner asserts that the BOP is improperly denying her RRC placement and good time credit. (Document No. 1.) First, Petitioner states that the BOP "has denied RRC placement of more than 120 days and has done so unlawfully." (Id.) Petitioner explains that in denying her 12 months RRC placement, the BOP failed to properly consider "the five factors of the Second Chance Act." (Document No. 2, pp. 4, 6 - 11.) Next, Petitioner argues that the BOP has "unlawfully denied good time credit of 54 days per year for a term of imprisonment." (Id., p. 12.) Specifically, Petitioner states that "were the Petitioner granted relief, she would be entitled to earn 243 days of good time credit as provided for in 18 U.S.C. § 3624(b), rather than the 211 days provided for under BOP policy." (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's "Sentence

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Monitoring Computation Data As of 01-05-2010" (Document No. 1-1.); (2) A copy of Petitioner's "Treatment Activities" (Document No. 1-2.); (3) A copy of Petitioner's "Inmate Skills Development Plan" dated November 10, 2009 (Document No. 1-3.); (4) A copy of Petitioner's "Inmate Request to Staff" dated September 14, 2009 (Document No. 1-4.); (5) A copy of an "Extension of Time for Response - Administrative Remedy" from the Administrative Remedy Coordinator at FPC Alderson dated August 14, 2009 (Document No. 1-5, p. 1.); (6) A copy of Petitioner's "Request for Administrative Remedy" dated July 14, 2009 (Id., p. 2 - 3.); (7) A copy of Warden Amber L. Nelson's Response dated August 26, 2009 (Id., pp. 4 - 5.); (8) A copy of Petitioner's "Inmate Request to Staff" dated September 21, 2009 (Document No. 1-6.); (9) A copy of Petitioner's lab results from Greenbrier Valley Medical Center dated August 28, 2009 (Document Nos. 1-7 and 1-9.); (10) A copy of Petitioner's radiology reports from Appalachian Regional Healthcare (Document Nos. 1-8, 1-10.); (11) A copy of Petitioner's "Inmate Request to Staff" dated September 10, 2009 (Document No. 1-11, p. 1.); (12) A copy of Petitioner's "Inmate Requests to Staff" dated October 14, 2009 (Id., pp. 2 and 5.); (13) A copy of Petitioner's "Inmate Request to Staff" dated October 19, 2009 (Id., p. 3.); (14) A copy of Petitioner's "Inmate Request to Staff" dated October 16, 2009 (Id., p. 4.); (15) A copy of Petitioner's medical records from the BOP (Document No. 1-12.); (16) A copy of Petitioner's "Certificate of Health Plan Coverage" (Document No. 1-13.); (17) A copy of an "Extension of Time for Response - Administrative Remedy" from the Administrative Remedy Coordinator at the Mid-Atlantic Regional Office dated September 30, 2009 (Document No. 1-15, p. 1.); (18) A copy of Petitioner's "Inmate Request to Staff" dated January 4, 2010 (Id., p. 2.); (19) A copy of Petitioner's "Request for Administrative Remedy" dated November 25, 2009 (Id., p. 3.); (20) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated December 23, 2009

(Id., p. 4.); and (21) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated December 30, 2009 (Id., pp. 5 - 6.).

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds her in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody and the absence of

collateral consequences,[2] and therefore, his Section 2241 Application must be dismissed.[3] <u>See e.g.</u>, <u>Alston v. Adams</u>, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); <u>Alvarez v. Conley</u>, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); <u>Smithhart v. Gutierrez</u>, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on October 26, 2010.

[3] The undersigned further notes that Petitioner does not possess a constitutionally protected expectation interest in receiving a sentence reduction. Such a subjective expectation does not arise to the level of a constitutional claim. *See Mallette v. Arlington County Employees' Supplemental Ret. Sys. II*, 91 F.3d 630, 635 (4th Cir. 1996)("[A] mere expectation of a benefit – even if that expectation is supported by consistent government practice – is not sufficient to create an interest protected by procedural due process. Instead, the statute at issue must create an entitlement to the benefit before procedural due process rights are triggered."). Neither Section 3621(e), the BOP's Program Statement (P.S. 5162.04), nor the Code of Federal Regulations (28 C.F.R. § 550.58), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release. *See Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 109 S.Ct. 1904, 1909-10, 104 L.Ed.2d 506 (1989)(Regulations must contain "explicitly mandatory language" to create a liberty interest.). Accordingly, Petitioner does not possess a statutorily protected expectation interest in early release.

States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: October 11, 2012.

R. Clarke VanDervort
United States Magistrate Judge